ABRAHAM LESSER, Respondent, *against* HERMAN WUNDER, Impleaded with GEORGE P. WAGNER, Appellant.

(Decided March 1st, 1880.)

No appeal lies to this court from an order of the marine court of the city of New York, denying a motion for a new trial on the ground of newly-discovered evidence.

Where a cause of action or defense rests solely upon the testimony of a party, it should be left to the jury to determine the weight or value that is to be given to his evidence. Such testimony is not necessarily to be taken as true because not contradicted.

In an action where the recovery was wholly dependent upon the time when the plaintiff made a certain payment to a person other than the defendant, the proof on that point rested solely on the plaintiff's testimony, which the defendant was unable to contradict, the person to whom the payment was made having fled. *Held,* that although there was no improbability in the fact testified to, and the witness was not discredited or contradicted, a direction by the judge to the jury to find a verdict for the plaintiff was erroneous, and the judgment on such verdict must be reversed.

The objection, that a direction to the jury to find a verdict for the plaintiff was error, is available on appeal under a general exception; a particular request to the judge to submit the question to the jury is not necessary.

APPEALS from a judgment of the marine court of the city of New York, affirming a judgment of that court entered upon a verdict rendered by a jury under direction of the court; and from an order of that court affirming an order denying a motion for a new trial on the ground of newly-discovered evidence.

Lesser *v.* Wunder.

The action was brought to recover for damages sustained by reason of a forged and false instrument purporting to be a satisfaction-piece of a chattel mortgage. The plaintiff had purchased, from the defendant Wagner, certain chattel property which had been mortgaged by Wagner to one Hechler by a mortgage duly filed in the office of the clerk of the town where the property was situated. About the time of the sale Wagner deposited in the same office an instrument purporting to be a satisfaction-piece of the mortgage, which was, about the same time, examined by the plaintiff. It purported to be executed by Hechler, and bore the signature of the defendant Wunder, as an attesting witness; and the certificate of Wunder as notary public, with his signature and official seal, was annexed, that Hechler, known to him to be the individual described in, and who executed such instrument, came personally before him and acknowledged that he executed the same. The plaintiff testified that, after examining this instrument, and believing it to be genuine, and the signature and certificate of the defendant Wunder to be true, he paid the defendant Wagner the purchase-money. The signature of Hechler to the instrument was in fact forged, and the attestation and certificate of acknowledgment of Wunder were false; and the mortgage, not having been paid or satisfied, was foreclosed, and the plaintiff compelled to re-purchase the property at the foreclosure sale. The action was brought against both Wagner and Wunder, but Wagner having absconded, the summons was served only upon the defendant Wunder.

At the trial the judge directed the jury to render a verdict for the plaintiff for the amount actually paid by him on re-purchasing the property at the sale on foreclosure, with interest. From the judgment for the plaintiff, entered on this verdict, the defendant Wunder appealed to the general term of the marine court, which affirmed the judgment. The defendant Wunder also made a motion for a new trial on the ground of newly-discovered evidence, which was denied; and, on appeal by him to the general term of the marine court from the order denying his motion, that order was also affirmed. From the determinations of the general term of the marine court,

affirming the judgment for the plaintiff, and affirming the order denying the motion for a new trial, the defendant Wunder appealed to this court.

*J. O. Mott,* for appellant.

*Peter Cook,* for respondent.

CHARLES P. DALY, Chief Justice.—No appeal lies to this court from a decision of the general term of the marine court, granting or refusing a new trial, on the ground of newly-discovered evidence. See the cases enumerated in *Wheeler* v. *Hudnutt,* New York Com. Pleas, G. T., Dec. 1, 1879.

The judgment, however, will have to be reversed for the error of the court in directing the jury, under the defendant's exception, to find a verdict for the plaintiff. The fact that the plaintiff paid Wagner for the shop, after the satisfaction-piece had been filed, rested entirely upon the plaintiff's testimony. It appeared, by the satisfaction-piece, that it was acknowledged on July 27, 1877, and was filed on the same day. The plaintiff testified that he bought the shop in June; that he examined the record; found the mortgage open; and that, before he paid the money, he examined again, and found the satisfaction-piece on file, and the mortgage discharged; and that, when the mortgage was foreclosed, he had to pay $428 to get the property back again, which was the amount he has recovered, with interest, as his damages.

On his cross-examination, he testified that he paid the money, after the satisfaction-piece was filed—in the latter part of June or July. This testimony left it uncertain when he paid the money; that is, it did not fix with certainty that it had been paid before the filing of the mortgage, on July 27, 1877.

This was the most material fact in the case; for upon it the whole cause of action depended. The objection being taken, on the motion for a nonsuit, that it was not shown that the plaintiff "parted with his money on the strength" of the satisfaction-piece, the plaintiff was again recalled, and testified that he paid the money because he found that the record was clear; that the satisfaction-piece was filed; and that the mort-

gage was marked "paid." This may have been entirely true; but, as was said in *Elwood* v. *The Western Union Tel. Co.* (45 N. Y. 549), without imputing the want of truthfulness to the plaintiff, his relation to the subject-matter in controversy was, of itself, sufficient to take from the court the right thus to dispose of the whole case upon his evidence alone; it being for the jury, and not for the court, to say what weight should be given to his evidence upon this point. In *Hodge* v. *The City of Buffalo* (1 Abb. N. C. 356), the fact of the plaintiff's infancy, at the time when she executed the deed, was a material fact in the case, which rested entirely upon her testimony, and the court having refused to leave it to the jury to pass upon the evidence as to the plaintiff's infancy, and having, under the defendant's exception, directed the jury to find a verdict for the plaintiff, the verdict was set aside, and a new trial ordered, upon the ground that whenever the action or defense rests solely upon the testimony of a party, the interest of the party must necessarily affect his credibility as a witness; and that the credibility of a party so testifying must be submitted to the jury, who are alone competent to decide, where the question of credibility is in any way involved; and in *Kavanagh* v. *Wilson* (70 N. Y. 179), this rule was applied to the son of the plaintiff, who was engaged in business with his father, and was necessarily biased and interested, because he was to be compensated for drawing the contract if his father should earn the commission, which the action was brought to recover. The general rule was there recognized, that when a disinterested witness, who is not discredited, testifies to a fact within his own knowledge, which is not of itself improbable, nor in conflict with other testimony, the fact is to be taken as legally established and cannot be disregarded by court or jury; but does not apply to a witness who is interested; which is necessarily the case, where the whole cause of action depends, as it did in this case, upon the testimony of the party who brought the action. It is true that in *Kavanagh* v. *Wilson, supra,* there was the additional circumstance that the son's statement was not free from improbability; but I do not understand that that was regarded as the controlling circumstance; and in

*Nicholson* v. *Connor* (8 Daly, 212), we held that the proper rule, now that parties are allowed to testify in their own cases, is that, where a cause of action or defense rests solely upon the testimony of a party, it should be left to the jury to determine the weight or value that is to be given to his evidence, and it should not be assumed, as a rule of law, that the testimony must be true, because not contradicted; a rule especially applicable in the present case, which depended upon the proof of a most material fact, peculiarly within the plaintiff's knowledge, and which the defendant had no means of contradicting, as the person to whom the money was paid had fled.

The judge below held that the conclusion of the court, in this case, did not depend upon a belief in the veracity of the plaintiff alone; but "was upheld by circumstances which placed an honest finding to the contrary wholly out of the question." Upon the case, as settled and presented to us on the appeal, the fact of the payment of the money, and when it was paid, rested solely upon the plaintiff's testimony, and, therefore, necessarily upon his veracity; and I find nothing in any other part of the testimony bearing at all upon it, much less upholding it by circumstances entirely independent of the plaintiff's testimony. The judge further held that the question of submitting the evidence, as to that fact, to the jury to pass upon, was not raised by the exception taken; but it was expressly held in *The Trustees of East Hampton* v. *Kirk* (68 N. Y. 464), that, if it was error to take the case from the jury, the objection is available under a general exception; and that a particular request to the judge to reconsider his decision and submit the question to the jury, is not necessary. I am of opinion, therefore, that a new trial must be ordered.

VAN BRUNT, J., concurred.

Judgment reversed, and new trial ordered, costs to abide the event.*

---

* An application for leave to appeal from this decision to the court of appeals was denied.