JAMES M. SMITH, as Receiver, etc., Respondent and Appellant, v. HENRY M. PLATT et al., Executors, etc., Appellants and Respondents.

(Argued May 5, 1884; decided June 10, 1884.)

THIS action was brought originally by the executors of Nathan C. Platt, deceased, to set aside a partnership settlement between him and the then defendant, George W. Platt, and various transfers of property connected therewith and for an accounting.

The opinion is given in full.

"This case comes to us in four volumes of record and evidence and three volumes of briefs. It is not easy to disengage from the mass the questions of law proper for our consideration, and the disposition of those appears to be dictated by circumstances which leave to this court a very narrow range of action. There are cross-appeals from the judgment, the plaintiff deeming it too small and the defendants too large, and the latter have also appealed from the order of the General Term affirming the order of the Special Term, which denied a motion for a new trial founded upon affidavits alleging

surprise and newly-discovered evidence and the developments of the accounting.

"The appeal from the order must be dismissed. Its granting or refusal rested in the discretion of the court and is not open to further review. (*Dalrymple* v. *Hannum*, 54 N. Y. 654; *Williams* v. *Montgomery*, 60 id. 648; *Meltzer* v. *Doll*, 91 id. 365.) The plaintiff's appeal is based upon a single alleged error of law. His counsel state it thus: 'The question of law underlying the whole accounting is this: were we ordinary suitors, bound affirmatively to prove our claims and recover on our proof as between strangers? or was not the defendant, as an accounting partner, bound to produce his books and all the evidence we had, and for his willful failure to do so, should not the account be made out against him on the evidence he is forced to and does furnish, with all reasonable presumptions against him supported by the evidence?' The learned counsel adds: 'On this question the referee and the Supreme Court have been against us and the rules of law have been violated.' The argument then proceeds to build up a formidable claim which the courts below rejected and which can only stand upon the rigorous rule of presumption which is invoked. Outside of the influence and bearing of that presumption the questions are wholly questions of fact. More than a hundred thousand dollars of bills payable credited to defendant are claimed to have been paid out of the refinery moneys. The defendant partner denied it wholly and the fact was found in his favor. The merchandise account, on a large array of evidence, was found to warrant a reduction of forty-seven per cent by the referee, while the General Term held the defendant to his own estimate of a discount of twenty-five per cent. A very large amount was claimed to have been abstracted from the refinery funds. That too was wholly a question of fact and sought to be solved by estimates and averages of a very uncertain and doubtful character. Upon all these questions the findings are conclusive in this court unless there has been the error of which the plaintiff complains. If, however, the facts should have been considered and weighed with the aid of presumptions founded upon a willful concealment or destruc-

tion of partnership books, it is quite possible, as the plaintiff argues, that the result might have been different.   The alleged error thus is serious and material.   But there are two sufficient answers to the contention without touching the details of the case.   The Special Term has found, as a fact, that the defendants did not withhold or conceal any partnership books and had not destroyed any part of them, and were not at all in default in that respect.   The General Term, on a review of the evidence, concurred in that conclusion.   We have looked far enough into the proofs to be satisfied that out of very many contradictions and possible inferences the determination reached could be easily sustained, and so the fact must stand as conclusive in this court.   But, were it otherwise, it would follow that the case was tried on a false principle and the whole accounting had on an erroneous theory.   The sole remedy would be to reverse the judgment and order an accounting on a correct theory.   But here we are met again by the plaintiff's position, very impressively stated, that he asks no new accounting and desires an affirmance of the judgment if we cannot modify it to his advantage.   In other words, he desires to keep, at all events, what he has got and not peril it by a new hearing. Practically he asks this court to try the case over on a correct theory and itself render the increased judgment.   We ought not to do that.   The error, if it be one, goes to the root of the whole accounting and probably affects every finding which has been made respecting the refinery and its accounts, both of fact and law.   For such error there is no proper remedy but a reversal and new accounting, but rather than be subjected to that, the plaintiff asks for an affirmance.   We must, therefore, disregard his appeal and treat him henceforward simply as respondent on the defendants' appeal.

" The latter in turn have their peculiar difficulties.   Their principal complaint is over the Nassau street property, and at the bottom is a contention that it was George W. Platt's individual ownership to which he got a good title as purchaser upon the foreclosure of the Murdock mortgage, and which should not have been taken from him and placed among the partnership assets.   The precise question has been decided by this court on

a previous appeal in this case. The transfer by Nathan to George had been found to be invalid for fraud, upon evidence which we held sufficient to close the question of fact. The foreclosure was induced and procured by George who thus sought to fortify his fraudulent title. By the deed from Nathan he had taken away any interest in the latter to appear as a bidder. He had fraudulently absorbed the equity of redemption which Nathan might otherwise have sought to protect, and so cleared the way for his own purchase. We, therefore, held that the foreclosure title was merely accessory to the fraudulent title and its only effect as between George and Nathan was to make the former the equitable owner of the Murdock mortgage, which he paid. (*Platt* v. *Platt*, 58 N. Y. 646.) We are asked to reconsider that decision in the light of later developments which go far to disprove the fraud underlying the judgment. As to them the defendants had their day in court on the motion for a new trial. That question, if it was here, and the judgment not conclusive upon us, might well demand of us a different conclusion. But as the case stands it is impossible to change what on the facts then proved became the law of the case. The individual farm property of Nathan stands on the same footing and needs no additional consideration.

An objection is based upon the charge for the American Express Company stock, and upon two grounds. The first is that it was a transaction separate and apart from the partnership affairs and should not have entered into the accounting. The interlocutory judgment was broad enough to include it. The individual accounts of the partners between themselves were deemed necessary elements of the final result to be adjudged, and the sixth and eighth conclusions of law ordered that they should enter into the accounting. To these there was a general exception, which raised no question over the right to include individual dealings in the accounting ordered. And so without available objection they became matters submitted to the referee. On the hearing before him there was an objection to the evidence as irrelevant, an objection to the charge as formulated of insufficiency, and a motion for that reason to strike it out, but nowhere in the case was any effectual exception taken to the right to investigate the particular tran-

saction.    We think the General Term were right in saying that it was submitted to the referee.    The further objection is the statute of limitations.    No such defense, and no notice of such defense, anywhere appears before the final decision of the Special Term.    The courts below have held that it was waived, and we think correctly.

"Some further questions were raised on the part of defendants, appellants.    They were properly disposed of below.    The case has been difficult and complicated as well as tedious and protracted, but it has had an extremely careful and able consideration by the judges who have determined it, and whose inquiry into the facts involved a great labor which does not fall upon us.    A study of their opinions impresses us with the conviction that substantial justice has been done and that the litigation should now end.

" The judgment should be affirmed and the appeal from the order dismissed, without costs to either party in this court."

*William R. Martin* for plaintiff.

*S. P. Nash* and *Edward S. Clinch* for defendants.

FINCH, J., reads for affirmance of judgment and for dismissal of appeal from order.

All concur.

Judgment affirmed and appeal from order dismissed.