By the Court.—Truax, J.
The issues to he determined as presented by the original pleadings, were whether the plaintiff rendered services to the defendant at its request, from the 1st day of April, 1880, to the 1st day of July, 1881, and- the value of those services.
The plaintiff was allowed,- the defendant objecting, to amend his complaint on the trial by alleging that he was not to be paid for his services until the defendant was able to pay running expenses ; and he was also allowed to show, the defendant still objecting, that the defendant became able to pay its running expenses on the 1st day of January, 1883.
The action was begun in September, 1886. It was tried May 24, 1888.
One of the defences set up in the answer was the statute of limitations. The plaintiff, on the 29th day of July, 1886, before the commencement of the action, wrrote a letter to the defendant in which he referred to the financial condition of the defendant, and to the fact that he had a claim against the defendant.
On the 23d day of December, 1887, he wrote a letter to the attorney of the defendant, which letter was read and used by his, the plaintiff’s attorneys, on the trial, in which he said that he was to be paid for his services as soon as the defendant should realize more than the running expenses of its business ; and yet, notwithstanding the defence of the statute of limitations, which was a good defence as matters then were, he went to trial without asking to amend his pleading, and during the trial asked and was granted leave to amend his complaint as above stated.
We think that the motion to amend should have been denied on the ground of the plaintiff’s laches in making the motion. That the defendant had been informed by the letters above referred to of the real nature of *506 plaintiff’s cause of action, does not excuse the plaintiff’s neglect' to properly compare his complaint. As was said by the Court of Appeals in Southwick v. The First National Bank, 61 How. 170, “ it is no answer that the defendant was probably not misled in his defence. A defendant may learn outside of the complaint what he is sued for, and thus be ready to meet plaintiff’s case upon the trial. . He may even know what he is sued for when the summons alone is served upon him, yet it is his right to have a complaint to learn from that what he is sued for, and to insist that that shall state the cause of action which he is called upon to answer.”
We think that the orderly administration of justice and the circumstances disclosed on the trial of this case, required that the plaintiff’s motion to amend should have been denied; but there is another reason why the judgment should be reversed.
The plaintiff was allowed to show, the defendant objecting, that the defendant became able to pay its running expenses in 1883. This was an issue not presented by the amended complaint. In other words, the complaint as amended did not state the cause of action on which plaintiff recovered.
That the defendant became able to pay its running expenses was a condition precedent, which should have been alleged in the complaint. Tooker v. Arnoux, 76 N. Y. 397.
It was error to allow evidence of a fact that was not alleged in the complaint.
Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Dugro, J., concurred.