## SMITH v. PRYOR et al.

*(Common Pleas of New York City and County, General Term.  April 7, 1890.)*

APPEALABLE ORDERS—COURT OF COMMON PLEAS—NEW TRIAL.

No appeal lies to the general term of the common pleas from an order of the city court either granting or denying a new trial on the ground of newly-discovered evidence, or from an order refusing a new trial for alleged misdirection to the jury, in the absence of an exception taken at the trial.

Appeal from city court, general term.

Action by Charles G. Smith against S. Morris Pryor and Charles W. Drake to recover the value of stock sold by defendants on account of plaintiff's assignor.  There was a verdict for defendants.  A motion made by plaintiff at special term for a new trial on the ground of newly-discovered evidence, and upon the ground of error in the charge of the justice to the jury, was denied, and the order of denial affirmed at general term of the city court.  Plaintiff again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Saunders, Webb & Worcester,* for appellant.  *Lowrey, Stone & Auerbach,* for respondents.

DALY, J.  No appeal lies to this court from an order of the city court either granting or denying a new trial upon the ground of newly-discovered evidence.  *Lesser* v. *Wunder,* 9 Daly, 70.  The court of common pleas holds the same position with respect to the city court of New York city which the court of appeals holds with respect to the supreme court and the superior city courts, (*Walsh* v. *Schulz,* 6 Civ. Proc. R. 126; *Rowe* v. *Comley,* 11 Daly, 318;) and the court of appeals will not entertain an appeal from an order of the last-named courts granting or refusing a new trial, (*Donley* v. *Graham,* 48 N. Y. 658; *Smith* v. *Platt,* 96 N. Y. 635, and cases cited.)  The court below did not refuse to exercise its discretion for want of power, or for any other reason; and the authorities cited by the appellant are not, therefore, in point.  No appeal lies to this court from an order of the city court refusing a new trial for alleged misdirection to the jury, unless an exception thereto has been taken upon the trial.  "When a trial and general verdict have been had, we can deal only with questions of law arising upon exceptions duly taken."  *Rowe* v. *Comley,* 11 Daly, 318.  There was no exception taken to the alleged misdirection of the judge pending at the trial, and there is nothing for us to review.  The order appealed from should be affirmed, with costs and disbursements.  *Brown* v. *Simmons,* 14 Daly, 456.  All concur.