## BERG v. CARROLL.

(Common Pleas of New York City and County, Additional General Term.
November 4, 1891.)

1. APPEAL—RULINGS ON EVIDENCE—EXCLUSION OF SECONDARY EVIDENCE.

The ruling of a trial judge excluding secondary evidence of the contents of a written instrument alleged to have been lost, on the ground that the fact that such instrument ever existed was not sufficiently shown, will not be reversed unless the proof of the actual existence of the instrument at one time is so conclusive that it would be error of law not to hold it sufficient.

2. LOST LETTER—SECONDARY EVIDENCE OF CONTENTS—RECEIPT BY OTHER PARTY.

Defendant served notice on plaintiff, requiring him to produce a letter, which defendant alleged was written by plaintiff's assignor to defendant and by defendant returned to such assignor, but there was no evidence, and it was not claimed, that the letter was ever in the possession of plaintiff. Held, that such service was nugatory, and that the court properly refused to admit secondary evidence of the contents of such alleged letter.

3. SAME—EVIDENCE OF LOSS OR DESTRUCTION.

Defendant and his book-keeper testified that defendant received a letter, on which the book-keeper indorsed a statement by direction of defendant that further communications from the writer were unwelcome, and that the letter was reinclosed in an envelope, addressed to the writer, and deposited in the mail. The place where and the person by whom the letter was mailed was not stated, nor was any attempt made by defendant to explain in any other way his inability to produce the letter. Held, that the loss or destruction of the letter was not sufficiently shown to admit of secondary evidence of its contents.

Appeal from fifth district court.

Action by Isaac Berg, plaintiff, against Joseph W. Carroll, defendant, to recover damages for breach of contract of employment. From a judgment for plaintiff defendant appeals. For former report, see 9 N. Y. Supp. 509.

Argued before BOOKSTAVER and BISCHOFF, JJ.

William H. Shepard, for appellant.   Samuel D. Levy, for respondent.

BISCHOFF, J.   Only one of the grounds urged for reversal of the judgment appealed from is of sufficient importance to merit discussion,—that relating to the exclusion of secondary evidence of the letter alleged to have been written and sent by plaintiff's assignor to the defendant on July 23, 1890, and to have been returned by the defendant. This, upon examination, proves of no avail to appellant. It was not attempted to show, or was it even claimed, that the alleged letter was at any time in the possession or control of the plaintiff. The service of a notice to produce it upon him was therefore wholly nugatory, and without effect; and, assuming that the denial of plaintiff's assignor, while examined as a witness for the plaintiff, that he ever wrote such a letter, obviated the need of serving him with a *subpœna duces tecum* to cause its production on the trial, it still remained for the defendant to establish the existence of the letter, its subsequent loss or destruction, and his inability to produce it, by evidence so convincing in its character that its rejection by the trial judge constituted legal error. These matters presented preliminary questions of fact, to be determined by the trial judge before receiving or excluding secondary evidence of the contents of the alleged letter. The judge presiding at the trial has the advantage of hearing and seeing the witnesses, and their demeanor while under examination may largely influence him in attaching a greater or lesser degree of credibility to their respective statements than otherwise would be the case, and an appellate court should not for that reason disturb his ruling when founded exclusively upon the conflicting statements of witnesses. *Mason* v. *Libbey*, 90 N. Y. 683. To justify a reversal of the ruling of the trial judge excluding secondary evidence of the alleged contents of a written instrument it has been held that the proof of its loss or destruction should be so conclusive that it would be error of law not to hold it sufficient. *Kearney* v. *Mayor, etc.*, 92 N. Y. 617, 621. This

must, of necessity, apply with equal force to the evidence relied upon to prove that the instrument alleged to have been lost or destroyed did at one time exist; for that which never existed cannot be lost or destroyed. Tayl. Ev. § 429; Wood, Pr. Ev. § 8; *Nichols* v. *Iron Ore Co.*, 56 N. Y. 618. Upon the trial of this action only two witnesses testified to the receipt, on July 23, 1890, by the defendant of a letter addressed to him, and in the handwriting of plaintiff's assignor, Cronin,—the defendant himself, and Quinn, his book-keeper. The former's statement could have been discredited as that of a party in interest, though wholly unchallenged, (*Kearney* v. *Mayor*, etc., 92 N. Y. 621, and cases cited,) and the refutation of the latter's testimony is found in Cronin's denial that he ever wrote such a letter. Here, then, was a question of veracity between these two witnesses, which the trial judge solved in favor of Cronin; and it is impossible for us to say that he erred. If it is urged by the appellant that his testimony and that of his book-keeper were corroborated by the testimony of other witnesses for the defense, to the effect that on the morning of July 23, 1890, they heard Cronin say to the defendant that his letter of resignation was in the mail, we answer that testimony as to alleged oral admissions of facts in dispute (particularly so when the witnesses are confessedly stating but the fragment of a conversation) is evidence of such inferior quality that error in law should not be predicated upon a refusal to credit it in the face of positive denials of the facts alleged to have been admitted by the party charged with the admission. 1 Greenl. Ev. §§ 199, 200. But, assuming that the existence of the disputed letter was established by evidence of such a nature as to command credit, it still remains for the defendant to prove its loss or destruction, and his inability to produce it in consequence thereof, by evidence so conclusive as to repel every inference that it was fraudulently destroyed or intentionally withheld. Wood, Pr. Ev. § 8; *Renner* v. *Bank*, 9 Wheat. 581. On this point, also, the defendant relied exclusively upon his own testimony and that of Quinn. These witnesses said that they had seen the letter; that Quinn, at the direction of defendant, indorsed a statement thereon to the effect that further communications from Cronin were unwelcome; that it was thereupon inclosed in an envelope, addressed to Cronin, and thus deposited in the mail. The person by whom the letter was mailed, and the place where it was mailed, were, however, not stated. No other attempt was made to explain the defendant's inability to produce the letter. His own testimony was subject to discredit as that of an interested party, while Cronin declined to be positive in his statements; and a careful reading of his testimony shows that his statement that Cronin's alleged letter was returned to him by mail was not made upon his personal knowledge of that fact. The evidence was therefore wholly destitute of the character required. The judgment appealed from must be affirmed, with costs.