## VAN DOREN *v.* JELLIFFE.

*(Common Pleas of New York City and County, General Term.  November 7, 1892.)*

1. COURT OF COMMON PLEAS—APPEAL FROM CITY COURT—PRACTICE.
    Defendant, by omitting to move for a nonsuit or for the direction of a verdict, concedes that there was sufficient evidence to warrant a verdict for plaintiff; and, without an exception to the refusal of either of such motions, the general term of the court of common pleas has no jurisdiction on appeal from a judgment of the general term of the city court to inquire into the sufficiency of the evidence.

2. EVIDENCE—EXPERTS—REAL-ESTATE BROKERS' COMMISSIONS.
    A real-estate broker, in an action brought by him for commissions, was competent as an expert to testify to the customary commissions of such brokers, where he had previously testified that he had been in the business 24 years, and was acquainted with the customary commissions of brokers on the sale of real estate.

3. SAME—BEST AND SECONDARY.
    In order to show that plaintiff was not the real party in interest, defendant asked him, on cross-examination, whether the claim in suit had ever been assigned. *Held*, that the question was improper without a foundation for the introduction of secondary evidence, as the assignment was conceded to be in writing.

4. WITNESS—EXAMINATION—RESPONSIVE TESTIMONY.
    The broker was asked, on cross-examination, concerning certain payments made to him by the purchaser of defendant's farm, and answered that some of them were for advertisements. *Held*, that the answer was responsive.

5. PLEADING AND PROOF—ANSWER—ISSUE AS TO REAL PARTY IN INTEREST.
    Evidence of a reassignment of the claim in suit to plaintiff was admissible, as under Code Civil Proc. § 522, an allegation in the answer that plaintiff is not the real party in interest is taken as controverted without a reply.

6. APPEAL—OBJECTIONS NOT RAISED BELOW—INVALID EXCEPTIONS.
    An exception to a question which has been answered is unavailing, where no motion has been made to strike out the answer.

7. SAME—STATING GROUND OF OBJECTION.
    An exception is without force on appeal, where the ground of the objection is not stated.

8. SAME—REVERSAL—DISCRETION OF TRIAL COURT.
    An allowance of further direct evidence is discretionary with the trial court, and is not the ground of reversal on appeal.

9. SAME—HARMLESS ERROR.
    The allowance of a leading question is not a ground of reversal on appeal, unless the appellant was prejudiced thereby.

10. TRIAL—INSTRUCTIONS—WEIGHT AND SUFFICIENCY OF EVIDENCE.
    Plaintiff testified that he was employed to sell in New York, and defendant testified to the contrary. *Held*, that the court properly refused defendant's request to charge that there was "no evidence that the contract for the employment of plaintiff was made in New York," as the jury were not bound to believe the testimony of defendant, who was a party in interest.

11. REAL-ESTATE BROKERS—RIGHT TO COMMISSIONS.
    A real-estate broker who introduces the purchaser is entitled to commissions, where the negotiations are suspended, but subsequently resumed and a sale is made.

**12. COURT OF COMMON PLEAS—APPEAL FROM CITY COURT—PRACTICE—EXCEPTIONS.**
    The general term of the court of common pleas cannot reverse on appeal from the city court for error in the judge's charge, unless the error complained of is presented by exception.

Appeal from city court, general term.

Action by Garrett V. Van Doren against Taylor Jelliffe for commissions as real-estate broker. From a judgment of the general term of the city court affirming a judgment entered on a verdict for plaintiff and affirming an order denying a new trial, (16 N. Y. Supp. 209,) defendant appeals. Affirmed.

Defendant's third request to charge: "I request your honor to charge the jury that there is no evidence that the contract for the employment of plaintiff was made in the state of New York."

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Benjamin Estes*, for appellant. *E. M. Wight*, for respondent.

BISCHOFF, J. Having omitted to move for a nonsuit or for the direction of a verdict in his favor, defendant has conceded that there was evidence sufficient to warrant the jury in finding a verdict for plaintiff, (*Barrett* v. *Railroad Co.*, 45 N. Y. 628, 632; *Rowe* v. *Stevens*, 44 How. Pr. 10; *St. John* v. *Skinner*, Id. 198; *Casper* v. *O'Brien*, 47 How. Pr. 80;) and, without an exception to a refusal of either of such motions, we are without power on an appeal from a judgment of the city court to inquire into the sufficiency of the evidence, (*Schwinger* v. *Raymond*, 105 N. Y. 648, 11 N. E. Rep. 952; *Walsh* v. *Schulz*, 67 How. Pr. 186; *McEteere* v. *Little*, 8 Daly, 167; *Rowe* v. *Comley*, 11 Daly, 318; *Smith* v. *Pryor*, [Com. Pl. N. Y.] 9 N. Y. Supp. 636.) For such reason we must assume the existence of every fact essential to the validity of the verdict and judgment, and may search only among the exceptions taken to the trial justice's rulings in the admission and exclusion of evidence, and the charge and refusals to charge, for error requiring reversal.

The first exception appears to the overruling of defendant's objection to the competency of plaintiff as an expert to testify to the customary commissions of real-estate brokers. Plaintiff had previously testified that he had been engaged in business as a real-estate broker for 26 years, and during all but 4 in the city of New York, and that he was acquainted with the customary commissions of brokers on the sale of real estate. No preliminary examination of the witnesses was demanded by defendant's counsel, and the witness was allowed to state the customary commissions. We perceive no error in this. Whether or not a witness is competent to give expert testimony is a preliminary question of fact, which must be determined by the trial justice, and his decision will not be reversed unless it appears to be against the evidence, or wholly or mainly without any evidence to support it. *Slocovich* v. *Insurance Co.*, 108 N. Y. 62, 14 N. E. Rep. 802. We think that in the present case the trial justice was justified in assuming from the witness' 26 years of experience that he knew the customary charges of real-estate brokers.

On cross-examination, plaintiff was asked whether the claim in suit had ever been assigned. This was to substantiate the defense that plaintiff was not the real party in interest, and it was conceded that the alleged assignment was in writing. Plaintiff's counsel objected on the ground that the paper itself was the best evidence of the fact, and this objection was sustained. The question was improper, since no foundation for the introduction of secondary evidence had been laid, (*Berg* v. *Carroll*, [Com. Pl. N. Y.] 16 N. Y. Supp. 175;) but, assuming that the question should have been answered, the exception taken to its exclusion was waived by defendant's subsequent introduction of plaintiff's testimony to the fact of the assignment, (*Neil* v. *Thorn*, 88 N. Y. 270, 277; *Crosby* v. *Day*, 81 N. Y. 242.)

On further cross-examination, plaintiff was asked concerning certain payments made to him by Winchester, the purchaser of defendant's farm, in reply to which he stated that some of the payments were made for advertise-

ments. The court properly denied defendant's motion to strike that testimony out, as it was clearly responsive, and the same may be said of the witness' testimony to the effect that he did not think that he told defendant that Winchester had accused him of not "working true for him."

The next exception was taken to the admission in evidence of a reassignment of the claim in suit to the plaintiff, before the commencement of this action. The ruling was a proper one. Plaintiff was not obliged to anticipate the defense that he was not the real party in interest by alleging in his complaint the fact of the assignment by, and the reassignment of the claim to, him, and it was competent for him to meet the issue raised by the defense by showing the fact of the reassignment. *Johnson* v. *Machine Co.*, (Super. N. Y.) 4 N. Y. Supp. 391, cited by appellant's counsel, holds that it is error to allow evidence of a fact not in issue, and so'has no application; since, under the provisions of Code Civil Proc. § 522, the allegations of the answer respecting the defense that plaintiff was not the real party in interest must be taken as controverted.

.The objections of plaintiff's counsel to the admission of evidence tending to show that defendant and Winchester, before the contract for the sale of the . farm was executed in the city of New York, contemplated the execution of it elsewhere, were proper, and the evidence excluded was so clearly immaterial as not to merit discussion.

Several exceptions were taken to the allowance of questions on defendant's cross-examination, but in each instance the question related to matters previously testified to by defendant, and were therefore properly allowed.

Of the two exceptions taken on defendant's recross-examination one is invalid because the question at which defendant's objection was aimed had been answered, and no motion was made to have the answer stricken out; and the other because the motion to strike out was properly granted, the answer not being responsive to the question of plaintiff's counsel.

The exception taken on the further direct examination of plaintiff, and based on the objection that the questions, if allowed, would reopen the case, does not require reversal, since the allowance of further direct evidence was discretionary with the trial judge; and, of the two remaining exceptions on plaintiff's further direct examination, one is without force because the ground of the objection is not stated, (*Cruikshank* v. *Gordon*, 118 N. Y. 178, 180, 23 N. E. Rep. 457,) and the other because the allowance of a leading question does not present ground for reversal, unless it appears that the appellant was prejudiced thereby, (*Walker* v. *Dunspaugh*, 20 N. Y. 170.)

There remain only the exceptions to the charge and refusals to charge, but these also prove upon examination to be delusive to any hope of reversal.

The first exception to the alleged refusal to charge is without any force, as the court charged precisely as requested. The second is equally invalid, because the request assumed that the contract of employment was made in New Jersey, while it appeared in evidence from plaintiff's testimony that the employment occurred in New York; and, furthermore, because the matter included in the request had been previously correctly charged. The third request was properly refused, because it appeared from plaintiff's testimony that he was employed to sell in New York, and the jury were not bound to believe defendant's testimony to the contrary, as it was that of a party in interest. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Honegger* v. *Wettstein*, 94 N. Y. 252; *Bank* v. *Diefendorf*, 123 N. Y. 191, 25 N. E. Rep. 402.

The first exception to the charge as made was taken to the instruction that the contract for the sale of defendant's farm to Winchester was executed in New York, and as this was conceded on the trial no error can be predicated on the charge in this respect. The second exception is'founded on the erroneous assumption that the court charged that plaintiff was employed to sell defend-

ant's farm for $30,000.    What the court did charge was that the plaintiff had
so testified.    This was true, and the exception was therefore without force.
The next exception to the charge was to the alleged instruction that the nego-
tiations were had entirely in New Jersey, and that, if the arrangement was
completed in New York, plaintiff was entitled to recover.    The court did not
so charge.    The fourth and only remaining exception to the charge was
taken to the instruction that "if the plaintiff introduced Winchester, and the
negotiations had been suspended, and afterwards they were resumed, and the
sale was made, the plaintiff would be entitled to recover."    This proposition
of law is unassailable, (*Levy* v. *Coogan,* [Com. Pl. N. Y.] 9 N. Y. Supp. 534,)
and the exception thereto without avail.

We observe that counsel for appellant urges on this appeal that the charge
was erroneous, in that the court assumed that the commissions to which
plaintiff would be entitled, if the jury found that he was employed to sell and
that the sale was effected through his procurement, should be at the rate of
2½ per centum.    Upon examination, however, we observe that the charge in
this respect was not excepted to, and we are for that reason without authority
to review the alleged error complained of.    The general term of the court
below could have granted a new trial for any error in the charge which was
prejudicial to the appellant, though exception was not taken thereto, but,
with respect to the city court, our authority is no greater than that of the
court of appeals with respect to this court, and we may only reverse when
the error complained of is presented by proper exceptions.    *Schwinger* v.
*Raymond,* 105 N. Y. 648, 11 N. E. Rep. 952; *Smith* v. *Pryor,* (Com. Pl. N.
Y.) 9 N. Y. Supp. 636.    The judgment of the general term of the court
below should be affirmed, with costs.    All concur.