(31 Misc. Rep. 266.)

### LANGER v. GROSS et al.

(Supreme Court, Appellate Term. April 16, 1900.)

1. APPEAL—CITY COURT—MOTION TO DISMISS—MOTION FOR VERDICT—NEW TRIAL—EVIDENCE—REBUTTAL.
    Where defendant in an action in the city court did not move at the trial to dismiss the complaint or to direct a verdict, the supreme court cannot consider the weight and sufficiency of the evidence on appeal.

2. HUSBAND AND WIFE—TRANSFER OF PROPERTY—GOOD FAITH—EVIDENCE.
    Where plaintiff claimed that the transfer by him of a store to his wife was open, notorious, and in good faith, and she testified that the account with a certain firm was changed after the transfer from her husband's name to her name, the defendant was entitled to show in rebuttal that the firm never had any information concerning a transfer of the store, and that their books showed no change.

Appeal from city court of New York, general term.

Action by Ida Langer against Max Gross and another. From a judgment in favor of plaintiff, and from an order denying a new trial (61 N. Y. Supp. 1140), defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Louis Levy, for appellants.
Louis J. Vorhaus and Joseph Fischer, for respondent.

PER CURIAM.   An appeal from an order of the general term of the city court affirming an order denying a motion for a new trial does not lie to this court.   We are therefore precluded from considering the sufficiency or weight of the evidence, especially as no motion was made at the close of the plaintiff's case to dismiss the complaint, or at the close of the entire case either to dismiss or to direct a verdict.   The court substantially charged every request made by the counsel for the defendants.   There was but one exception taken to the charge, and that is obviously untenable.

We think, however, that the court erred in excluding certain evidence offered on behalf of the defendants.   The issue involved in the case was whether the transfer of the property in question made by plaintiff's husband to her on August 27, 1897, was fraudulent or not; the plaintiff's claim being that the bill of sale was made in good faith and founded upon a good consideration, that it was immediately followed by open and notorious possession of the store by her, and that her name was substituted for that of her husband on the sign placed upon the store.   On her cross-examination she testified that after the date of the sale the goods that were purchased for the store from time to time were charged to her, and she specially states that she was sure that after that time the goods that were bought from Connor Bros. were charged in her name.   The defendants, for the purpose of rebutting this evidence, put one of the Connor brothers upon the stand, and through him offered to show that their books did not indicate any change in the title of the account from Jacob Langer to the plaintiff.   This was excluded, and we think properly so, as the mere extrajudicial statement of a third party could not be in any way binding upon the plaintiff.   This question, however, was asked:

"Q. Did the Langers—either Mr. or Mrs. Langer—ever give you any information, or your firm any information, that the business at 108th street was changed from Jacob Langer to Ida Langer?"

This was objected to as incompetent, and the objection was sustained, and an exception taken.

While the form of the question is perhaps objectionable, we think the attention of the counsel should have been called to that fact, so that he might have had an opportunity of reframing it.   As it is, the only question for us to consider is whether the subject-matter of the inquiry had any evidentiary value upon the question in dispute. The question certainly called for testimony which would show either action or nonaction on the part of the plaintiff regarding the matter inquired of, with respect to which, as we have seen, she had previously testified, and was material to the issue, as bearing upon the plaintiff's claim that the change of interest which took place under the bill of sale was open and notorious, and was made in good faith, without any intent to cheat or defraud.   We think that the error was prejudicial to the defendants, and for that reason the judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.