(36 Misc. Rep. 165.)

### STREEP v. McLOUGHLIN et al.

(Supreme Court, Appellate Term. October, 1901.)

1. APPEAL—MOTION FOR NEW TRIAL.
   No appeal lies to the appellate term from an order of the city court granting or denying a new trial for newly-discovered evidence.
2. COSTS ON APPEAL.
   Code Civ. Proc. § 3239, subd. 2, denying to each party costs of an appeal from an order refusing a new trial where an appeal is also taken from the judgment, relates only to new trials on the minutes, and has no application to a motion by defendants independently of the trial, and on a separate appeal book, denied by the special term of the city court and affirmed by the general term.

Appeal from city court of New York, general term.

Action by Frank S. Streep against James McLoughlin and others. Judgment for plaintiff. From an order of the general term (72 N. Y. Supp. 1131) affirming an order of the special term denying a motion for a new trial on newly-discovered evidence, and from an order denying a motion to resettle, defendants appeal. Dismissed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

A. Bell Malcomson (J. A. McCreery, of counsel), for appellants.
Howe & Hummel (Nathaniel Cohen, of counsel), for respondent.

McADAM, J. No appeal lies to this court from an order of the city court either granting or denying a new trial on the ground of newly-discovered evidence. Lesser v. Wunder, 9 Daly, 70, 72; Langer v. Gross, 31 Misc. Rep. 266, 64 N. Y. Supp. 30; Scoville v. Landon, 50 N. Y. 686; Dalrymple v. Hannum, 54 N. Y. 654; Meltzer v. Doll, 91 N. Y. 365; Baylies, New Trials & App. 234. The appellants claim that, even if this court cannot review the propriety of the order in so far as it denies the application for a new trial, it has authority to correct an unauthorized award of costs by the court below. The general term affirmed the order "with costs and disbursements." The appellants contend that under subdivision 2 of section 3239 of the Code of Civil Procedure, which provides that

"where an appeal is taken from an order refusing a new trial, and an appeal is also taken from the judgment rendered upon the trial, neither party is entitled to the costs of the appeal from the order," the costs were not allowable. This provision applies to an order denying an application for a new trial on the minutes, which, like the order of that character made on the trial herein, is embraced in the same notice as the appeal from the judgment, printed in the same book, and there was consequently but one bill of expense, and one bill of costs allowed to cover both appeals. This satisfied the Code provision cited. The appeal from the order, made on the motion for a new trial on the ground of newly-discovered evidence, was, on the other hand, an application independent of the trial itself, and did not depend for its success upon the accuracy or inaccuracy of the judgment. The appeal was taken, independently of that, from the judgment, and subsequent to that appeal. The appeal book on this motion was printed separately, and a separate set of points was required from the respondent in answer to this particular application, the expense of which is not covered by the costs allowed under said Code provision. It was not error, therefore, for the general term to impose "costs and disbursements" on affirming said order, and it properly denied the motion for a resettlement of its decision. The amount of costs taxed under the order does not appear, and we must assume that they were legally taxed. There being nothing but a lawful exercise of discretion by the court below, the appeal must be dismissed, with costs.

Appeal dismissed, with costs. All concur.