In Allan v. Steamship Co., 132 N. Y. 91, 30 N. E. 482, 15 L. R. A. 166, 28 Am. St. Rep. 556, supra, the plaintiff asked of the defendant's physician on shipboard for five grains of quinine and was given calomel instead, which dose she took with serious results. She brought her action alleging that she relied upon the physician to give what she ordered and did not charge the defendant with negligence, and recovered. The Court of Appeals reversed the judgment of affirmance, and, after reviewing the authorities determining the form of the action or nature of the responsibility of the defendant in actions of this kind, summed up its conclusion in this language:

"The rule of liability applicable to a druggist in cases of this character is the same as that which governs the liability of professional persons whose work requires special knowledge or skill, and a person is not legally responsible for any unintentional consequential injury resulting from a lawful act when the failure to exercise due and proper care cannot be imputed to him, and the burden of proving such lack of care, when the act is lawful, is upon the plaintiff."

The plaintiff claims he was entitled, in any event, to recover the sum he paid for the tablets, and the price stated on the label is 25 cents. That item is not made one of the charges in the complaint. The action is to recover substantial damages, and a new trial will not be ordered to enable the plaintiff to recover nominal damages and which are a mere incident to the chief claim. La Rue v. Smith, 153 N. Y. 428, 433, 47 N. E. 796; Stephens v. Wider, 32 N. Y. 351; Rambaut v. Irving Nat. Bank, 42 App. Div. 143, 58 N. Y. Supp. 1056.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

PEASE v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 16, 1910.)

1. APPEAL AND ERROR (§ 989*)—APPEAL FROM JUDGMENT ALONE—QUESTIONS REVIEWABLE.

Where the appeal in an action at law is from the judgment alone, the only question for the Appellate Division is whether there was any evidence for the jury on the issues, or whether there was such a failure of evidence as to authorize a nonsuit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3897; Dec. Dig. § 989.*]

2. APPEAL AND ERROR (§ 1006*)—REVIEW—REFUSAL OF NEW TRIAL—SUFFICIENCY.

Where a case had been tried four times and the jury on each trial returned a verdict for plaintiff, and it was not likely that defendant would succeed so long as the questions involved were to be submitted to the jury, the refusal to grant a new trial for newly discovered evidence was proper, and the Appellate Division on appeal will affirm the order and the question of the right of defendant to a nonsuit may be reviewed on appeal from the judgment to the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3953; Dec. Dig. § 1006.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. NEW TRIAL (§ 131*)—NEWLY DISCOVERED EVIDENCE—CASE MADE.

Under Code Civ. Proc. §§ 997–999, a motion for new trial on the ground of newly discovered evidence must be made on a case and exceptions settled and filed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 263; Dec. Dig. § 131.*]

4. COSTS (§ 265*)—RULING ON MOTION FOR NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE—PARTY ENTITLED TO COSTS.

The prevailing party on motion for new trial for newly discovered evidence is entitled to full costs at Special Term as on appeal to the Appellate Division, as provided by Code Civ. Proc. § 3251, subd. 3:

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1009, 1016; Dec. Dig. § 265.*]

5. COSTS (§ 226*)—COSTS ON APPEAL.

Where the order appealed from is one made on any of the grounds specified in Code Civ. Proc. § 999, authorizing motions for new trial on specified grounds, and costs are allowed on an appeal from the judgment, section 3239 prohibits the allowance of costs on the appeal from the order.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 845; Dec. Dig. § 226.*]

6. COSTS (§ 226*)—COSTS ON APPEAL.

Code Civ. Proc. § 3239, denying to each party costs of an appeal from an order refusing a new trial where an appeal is also taken from the judgment, does not prevent costs on the appeal from an order denying a new trial on the ground of newly discovered evidence where an appeal is also taken from the judgment, because a separate set of points and a separate argument of the questions involved on the motion for new trial are necessary, and under section 3251, subd. 4, a full bill of costs should be allowed on the appeal from the order.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 845; Dec. Dig. § 226.*]

Robson, J., dissenting, and McLennan, P. J., dissenting in part.

Appeal from Trial Term, Monroe County.

Action by William E. Pease against the Pennsylvania Railroad Company. From a judgment for plaintiff, and from an order denying a new trial for newly discovered evidence, defendant appeals. Affirmed with separate bill of costs on the two appeals

See, also, 122 N. Y. Supp. 787.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank Rumsey and Ernest C. Whitbeck, for appellant.
Forsyth Bros., for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with separate bills of costs on the two appeals, except that the costs of making amendments to case and exceptions should be charged but once.

First. The action was for negligence. A verdict was rendered for $10,000. The clerk's minutes and the case and exceptions and the judgment state that a motion for a new trial under section 999, Code, upon the minutes, was made and denied, but no formal order to that effect appears in the record, and no notice of appeal from such order. The appeal is from the judgment alone, and therefore the weight

of the evidence as to the negligence of both parties and assumed risk cannot be considered. The only question is whether there was any evidence for the jury upon these questions, or whether there was such a failure of evidence as to authorize a nonsuit. From the recitations in the judgment and the affidavits on the motion, it appears that there have been three trials of the case in addition to the assessment of damages on defendant's default when the jury rendered a verdict of $10,000. The first trial was in November, 1907, when a verdict for plaintiff of $6,800 was rendered. Upon a motion by defendant upon the minutes and on stipulation of plaintiff this verdict was set aside, and a new trial granted. A second trial was had in September, 1908, when a verdict for plaintiff for $5,000 was rendered. This verdict on motion of defendant was set aside as contrary to and against the weight of the evidence, and a new trial granted. The third trial was had in January, 1909, when the present verdict of $10,000 was rendered.

The injuries for which the action was brought were received by plaintiff's head coming in contact with a low bridge in defendant's yard in Rochester. He was brakeman and switchman. We cannot hold that the case was one for a nonsuit, and therefore, the question of the weight of evidence not being before us, not even as to the amount of the verdict, the judgment should be affirmed, unless the order appealed from denying the motion for a new trial for newly discovered evidence is reversed and an order made for such new trial. The appeal from the judgment was taken February 17, 1909. Thereafter the motion for a new trial for newly discovered evidence was made. The affidavits seem to have been made at different times during the year 1909, but the motion was not heard until November of that year. The judge who tried the case heard the motion. His judgment was that a new trial should not be had for newly discovered evidence. The case has been tried four times, and I do not think the defendant is likely to succeed so long as the questions involved are to be submitted to a jury. If it was entitled to a nonsuit, that question can be reviewed on appeal from the judgment to the Court of Appeals. This order I think therefore should be affirmed.

Second. As to the costs upon the appeal from the order denying motion for a new trial for newly discovered evidence, of course, the respondent is entitled to full costs upon the appeal from the judgment. The question is whether he should also have full costs upon the appeal from the order. The motion for such new trial had necessarily to be made upon a case and exceptions settled and filed. Sections 997, 999, Code Civ. Proc.; Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706; Harris v. Gregg, 4 App. Div. 615, 38 N. Y. Supp. 844. And in such case the prevailing party was entitled to full costs at Special Term as upon an appeal to the Appellate Division, and this order expressly so provided. Subdivision 3, § 3251, Code Civ. Proc.; Davis v. Railroad Co., 5 App. Div. 36, 39 N. Y. Supp. 71, and cases therein referred to. Where the order appealed from is one made on any of the grounds specified in section 999, Code Civ. Proc., and costs are allowed on an appeal from the judgment, no costs can be allowed on

the appeal from the order. Section 3239, Code Civ. Proc.; Syms v. Mayor of New York, 105 N. Y. 153–158, 11 N. E. 369. And very likely this is so when the motion is made on a case and exceptions settled, as well as when made upon the minutes alone. In either case only issues arising on the trial are involved, only one record made on appeal, only one set of points is needed, and only one argument made. But where the question of newly discovered evidence is involved, the motion is independent of the trial, and affidavits are used raising questions not involved in the trial. On appeal a different record is. made up, because these affidavits have no place in the record on the appeal from the judgment. A separate set of points and a separate argument of the new questions involved are necessary, and we think in view of these considerations a full bill of costs should be allowed on the appeal from the. order under subdivision 4, § 3251, Code (above), notwithstanding the provisions of section 3239 (above). This was the view taken by the Appellate Term of the Supreme Court in Streep v. McLoughlin, 36 Misc. Rep. 165, 72 N. Y. Supp. 1061, which we approve of.

There is no authority for allowing $10 costs. If any are allowed, they should be full costs under subdivision 4, § 3251, above. So far as the opinion relates to the appeal from the order, it is concurred in by SPRING and KRUSE, JJ. McLENNAN concurs in affirmance of order, but dissents as to allowance of a full bill of. costs thereon. ROBSON, J., dissents on ground that the motion for a new trial should have been granted. So far as opinion relates to appeal from the judgment all concur, except ROBSON, J., who dissents on ground new trial should have been granted.

ROBSON, J., dissents upon the ground that the motion for a new trial upon the ground of newly discovered evidence should be granted. See opinion by WILLIAMS, J., on decision of appeal from order denying motion for new trial upon ground of newly discovered evidence in same case, decided at this term of court. 122 N. Y. Supp. 784.