John Siegel and another, Respondents, *v.* Seabury S. Gould, Appellant.

(General Term, Second Department, 1872.)

Real estate brokers, employed as middle-men, to bring purchasers together to enable them to make their own bargain, may charge commissions to both parties.

They are not agents to buy and sell, and not within the rule which prohibits their acting without consent as agent for both buyer and seller.

This was an appeal from a judgment for the plaintiffs, entered on the report of a referee. The action was brought to recover broker's commissions for finding the defendant a purchaser of his real estate.

It appeared that the plaintiffs were real estate brokers in New York city, and prior to October 20, 1870, were entrusted by the defendants, for sale or exchange, with certain real estate, and requested to find a purchaser for the same, with a promise to pay commissions at two and a half per cent, on the price obtained, for the plaintiffs' services upon a sale or exchange.

The plaintiffs having undertaken to perform the services, found and introduced to the defendant one Martin as purchaser, with whom the defendant entered into negotiations for an exchange, which were continued until the 20th October, 1870, when he entered into a contract with Martin at the plaintiffs' office to exchange part of the property put into plaintiffs' hands for other property of Martin's, the estimated value obtained for the property exchanged being $103,000.

The plaintiffs, prior to the exchange, had obtained from Martin a promise to pay them a commission of one and three-fourths per cent on the valuation of his property which should be taken by the defendant in the exchange. On the 22d November, 1870, the defendant and Martin agreed to abandon and cancel the contract for exchange, and the contract was canceled.

The referee reported in favor of the plaintiffs for their commissions at the rate agreed.

*Charles H. Mundy,* for the appellant.

*Jordan & Whitney,* for the respondents.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. According to the finding of the referee, the nature of the defendant's employment of the plaintiffs was that of mere brokers, in the strict signification of that term, and not that of agents to make a sale on his behalf. The evidence sustains this view of the relations between the parties. The defendant agreed to pay the plain-

Siegel *v.* Gould.

tiffs for that service. The service having been rendered pursuant to the agreement, we are unable to perceive any legal objection to a recovery by the plaintiffs. The fact that Martin, the purchaser of the defendant's property, also agreed to pay the plaintiffs for their services to him, creates no such obstacle. Both contracts being founded on a legal consideration, each is valid.

The case would have been quite different if the plaintiffs had been employed as agents of the defendant to buy or sell. They would then have been incapacitated from acting for Martin in the transaction without the assent of the defendant. Such conflicting relations are repugnant to the fundamental principle on which the law of agency rests, and are forbidden by law. But the plaintiffs were not such agents. They were employed as middlemen only, to bring the parties together to enable them to make their own contracts. They so acted with the knowledge of both parties. In such a case a broker is not an agent for either party to buy or sell, but stands indifferent between them. There is no conflict of duty in the case. He does not make himself an adverse party to either principal, nor does either of them repose any special trust or confidence in him.

The distinction has often been recognized and approved, and we think rests on sound reason. (Paley Agency, 12; Story Agency, § 31; *Rupp* v. *Samson*, 16 Gray, 398; *Redfield* v. *Tegg*, 38 N. Y., 212.) The judgment, therefore, must be affirmed, with costs.

Judgment affirmed.