Caspar agt. O'Brien.

# N. Y. SUPERIOR COURT.

JACOB CASPAR, plaintiff and respondent, agt. JAMES O'BRIEN, Sheriff, &c., defendant and appellant.

*Evidence — admissibility — questions of fact and law.*

Where a witness on the trial, who claimed to be the owner of a store and the goods therein, turned out and delivered to the plaintiff a portion of said goods to secure a loan of money, was asked, " At that time who did these goods belong to ? " after objection by defendant as calling for a conclusion of law from the witness and being overruled, answered, " that at that time the said goods belonged to him; that they belonged to him when he gave them to the plaintiff as security;" the witness then testified that his name was up in the store, and that he was in possession of the store; he was then asked the further question, " and the owner of it at that time ? " which was objected to by defendant on the same ground as the other question; which being overruled the witness answered, " yes, sir:"

*Held,* that these interrogatories called for a *fact* and not for a conclusion of law, as claimed. The witness was in a position to know how the fact in that respect was, and the questions were properly admissible. For authority on this point see *Walsh* agt. *Kelly* (42 *Barb.*, 98), which involved a precisely similar question. In *Knapp* agt. *Smith* (27 *N. Y.*, 277); *Sweet* agt. *Tuttle* (14 *N. Y.*, 467), *and Davis* agt. *Peck* (54 *Barb.*, 425), analogous questions were sustained for the same reason.

*General Term, November,* 1873.

*Before* BARBOUR, *C. J.,* MONELL *and* FREEDMAN, *JJ.*

APPEAL from judgment entered upon the verdict of a jury in favor of the plaintiff, and from order denying defendant's motion for a new trial upon the judge's minutes.

*A. Oakey Hall,* for appellant.

*R. S. Newcombe,* for respondent.

Caspar agt. O'Brien.

*By the Court,* FREEDMAN, *J.*—This action was brought by the plaintiff against the late sheriff of the city and county of New York to recover the value of certain merchandise taken by said sheriff from the possession of the plaintiff under process of court, not directed against the plaintiff. In March, 1869, the goods were sold by Wheelright, Pippey & Co., of New York, to the firm of Marks & Cohen, then doing business at No. 100 Chambers street in the city of New York. Shortly afterwards, the goods were sent to Patterson, N. J., where Marks & Cohen kept a branch store. Evidence was also given that in May, 1869, another Marks, named Harris Marks, bought out the store of Marks & Cohen at Patterson, together with the stock of goods therein contained, which included the merchandise above referred to. Harris Marks is a son-in-law of the plaintiff, and plaintiff claimed that on the 16th of June, 1869, he, through his agent, one Jacobs, who is another son-in-law of plaintiff, advanced $750 to Harris Marks, and that he received through said agent, as security for the loan, the merchandise in controversy. It was contained in four cases, and sent from Patterson to New York. The sheriff levied upon these cases while they were on storeage in the storehouse No. 28 Jay street, in the name of the plaintiff, under and by virtue of an attachment procured by Wheelright, Pippey & Co. against the property of Marks & Cohen; and in doing so claimed that they really belonged to Marks & Cohen, and that the ownership in Harris Marks, as claimed on the part of the plaintiff, was simulated, and constituted merely part of a scheme to defraud the creditors of Marks & Cohen. The questions of fact involved in the case were fully and fairly submitted to the jury under a charge to which the defendant took no exception, and they were determined by the jury in favor of the plaintiff. No motion to dismiss the complaint was made at any time, nor did the defendant ask for the direction of a verdict. Defendant's motion for a new trial upon the judge's minutes was,

therefore, properly denied (*Rowe* agt. *Stevens*, 12 *Abb.* [*N. S.*], 389).

The only remaining questions relate to the rulings of the court below, in permitting Harris Marks to answer certain interrogatories. He was called as a witness for the plaintiff, and placed upon the stand after defendant had rested. He testified that in June, 1869, he had a money transaction with the plaintiff; that he took $750 from the plaintiff and gave him goods as security therefor. He was then asked: " At that time who did these goods belong to ? " The defendant, by his counsel, objected to the question on the ground that it was incompetent, and that it called for a conclusion of law on the part of the witness, and not for a statement of fact. The court overruled the objection and permitted the question to be answered ; to which ruling the defendant excepted. The witness thereupon testified that at that time the said goods belonged to him ; that they belonged to him when he gave them to the plaintiff as security; that he delivered them to Jacobs in Patterson ; that the name of Harris Marks was then up in the store, and that he was in the possession of the store. He was then asked the further question : " And the owner of it at that time ? " This the court also permitted to be answered against the objection and exception of the defendant; and the witness said, " Yes, sir, I think about a week or two previous to the time I borrowed that money of Mr. Caspar I had been in possession of the store." These inquiries called for a fact, and not for a conclusion of law, as claimed. The witness was in a position to know how the fact in that respect was. The questions were, therefore, admissible, and it was the office of a cross-examination to discover whether the witness stated in his answer a fact or a conclusion. This was expressly held in *Walsh* agt. *Kelly* (52 *Barb.*, 98 [104]), which involved the admissibility of a precisely similar question. In *Knapp* agt. *Smith* (27 *N. Y.*, 277); *Sweet* agt. *Tuttle* (14 *N. Y.*, 467), and *Davis* agt.

Caspar agt. O'Brien.

*Peck* (54 *Barb.*, 425), analogous questions were sustained for the same reason.

Neither the questions in the case at bar nor the answers thereto were subject to the criticism that they or either of them embraced the whole merits of the case and left nothing for either court or jury to decide. The inquiries were as to the fact of naked ownership at a particular time, while the issue to be determined by the jury involved the *bona fides* of the possession and ownership at the time of the loan made by the plaintiff.

The judgment and order should be affirmed, with costs.

BARBOUR, C. J., and MONELL, J., concurred.