# SUPREME COURT.

## GEORGE L. BALHEIMER agt. GEORGE REICHARDT.

*Specific performance of a contract—Broker—Middleman— Fraud or misrepresentation.*

In cases of exchange of property, real estate brokers, employed as middlemen to bring purchasers together to enable them to make their own bargains, may charge commissions to both parties. They are not agents to buy or sell, and not within the rule which prohibits their acting without consent as agent for both buyer and seller.

One who has been induced, by fraud or misrepresentation, to enter into a contract, may, after the discovery of the alleged fraud and with full knowledge of the facts, affirm the contract and waive the fraud.

Where the fact was established that after defendant had been informed of the alleged misrepresentations, and had refused to carry out the contract, he, nevertheless, applied to, and obtained from plaintiff an extension of the time of performance, on his (defendant's) promise to execute it. This was on the day preceding the day first fixed in contract for the performance, and on that day a paper was executed by both parties, extending the time five days, and agreeing that the contract should be closed on that day:

*Held*, that this paper should be regarded as a positive affirmance of the contract by the defendant, after he had become possessed of a knowledge of all the facts, which he now claims entitle him to a rescission or cancellation of the contract, and that plaintiff is entitled to a decree for specific performance.

*Special Term, January*, 1878.

THE above action was brought to specifically enforce a contract for the exchange of real estate, dated May, 1877.

The defense set up, was misrepresentation, made by the defendant's broker (one Roth) as to plaintiff's property; that said broker had accepted a commission from plaintiff for the ser-

vices he had rendered him (plaintiff). The defendant claimed that this, in fact, constituted bribery on part of plaintiff.

The testimony established the fact that defendant, after he had been informed of the alleged misrepresentations, and had refused to carry out the contract, nevertheless applied to, and obtained from plaintiff an extension of the time of performance, on his (defendant's) promise to execute it. This was on the day preceding the day first fixed in contract for the performance. The other facts appear in the opinion.

*E' Benneville*, for plaintiff.

*A. R. Dyett*, for defendant.

LAWRENCE J. — On the trial of this case I was strongly of the impression that the defendant after having entered into the contract now sought to be enforced had repented of his bargain, and was casting about for some excuse for refusing to fulfill it.

Having perused the testimony carefully I am strengthened in this impression.

The evidence does not impress me as proving that the defendant was induced to enter into the contract, by any fraudulent representations made either by the plaintiff or by Roth. As to the alleged representations he is contradicted by the plaintiff and by Roth.

He had visited the property in person, before the contract was executed, and had made quite a minute examination of it.

And although Roth was present at the time the contract was executed, the parties appear to have taken the negotiations into their own hands, and to have agreed, after considerable discussion, as to the terms upon which the property should be exchanged.

Unless, therefore, there is some controlling rule of law which stands in the way of the enforcement of this contract, I think that the plaintiff is entitled to relief.

It is said that Roth was the agent of the defendant, for the purpose of effecting a sale of the defendant's property, and that his receipt of a commission from the plaintiff was a bribe which renders void the contract.

It is not proposed to deny the principle so well established, by the cases cited by the learned counsel for the defendant, that a party cannot be the agent, of both the principals to a contract, without their knowledge and assent.

This is in consonance with reason, morals and equity. It can, however, be maintained in this case with much force, that this transaction was virtually an exchange and not a sale of property, and that, therefore, Roth was to be considered simply as a middleman, to bring the parties together to enable them to make their own bargain. It is held, in such cases, that the middleman is not an agent to buy or sell within the rule adverted to (*Siegel* agt. *Gould*, 7 *Lansing*, 177 *and authorities cited.*)

But I do not think that it is necessary to rest this case solely upon the ground just stated. There is another principle which the plaintiff is entitled to invoke in his favor, *i. e.*, that one who has been induced by fraud or misrepresentation to enter into a contract, may, after the discovery of the alleged fraud and with full knowledge of the facts, affirm the contract and waive the fraud (*Bronson* agt. *Crocker*, 8 *N. Y.*, 182; *Adams* agt. *Sage*, 28 *id.*, 109).

On the evidence, as I have already stated, I do not think that the defendant has succeeded in making out that he was the victim of fraud or misrepresentation, but conceding that he was, I am of the opinion that the evidence establishes most clearly that both the defendant and his attorney, Mr. Meyer, knew all the facts of the case on the 31st day of May, 1877, and prior to that date, including the fact that Roth had received a commission from the plaintiffs.

Yet, on that day, they notified the plaintiff and his attorney that they were prepared to carry out the original agreement if an extension of five days was granted to them for that

purpose. It will be remembered that on that day the time for performing the contract had not expired, the first of June being the day specified in the contract for the delivery of the papers.

This being the fact, and after fruitless efforts had been made to agree upon some changes in the terms of the agreement, the following paper was executed between the plaintiff and the defendant:

" The time of closing of contract of May 5th, 1877, made between George Reichardt and George L. Balheimer, *is hereby extended to June 5th, 1877, at 12 M., when the same is to be closed.*

(Signed) " GEORGE REICHARDT.

" GEORGE L. BALHEIMER.

" *May* 3, 1877.

" In presence of

" E. M. B."

I cannot regard this paper as other than a positive affirmance of the contract by the defendant, after he had become possessed of a knowledge of all the facts which he now claims entitle him to a rescission or cancellation of the contract.

Why then should he not be required to carry out its terms?

With my understanding of the evidence in this case, I reach the conclusion that the plaintiff is entitled to a decree for a specific performance, and it is ordered accordingly.