BENNETT v. LEVI et al.

(Common Pleas of New York City and County, General Term.   June 6, 1892.)

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
    An objection that the facts did not warrant their submission to the jury, and that the verdict rendered is without evidence, or against the weight of evidence, cannot be raised by defendant for the first time on appeal.

2. INTOXICATING LIQUORS—CIVIL DAMAGE LAWS—EXCESSIVE DAMAGES.
    In an action under the civil damage act by a wife against the lessor and lessee of a saloon, a verdict for plaintiff for $1,000 will not be set aside as excessive where the evidence showed that the habitual intemperance of plaintiff's husband deprived her of the benefit of his former earning capacity and usefulness as a means of support, and that it was likely to continue so to do for some time at least, thus entailing on her greater mental and physical exertions in the care and support of herself and children.

3. SAME—LIABILITY OF LANDLORD—INSTRUCTIONS.
    Where the answer of defendant lessor admitted that he owned and knowingly let the premises to defendant lessee to be occupied for the sale of intoxicating liquors, the court properly instructed the jury that "the law makes the owner of the premises equally guilty with the tenant, and, if you find a verdict for plaintiff in this case, your judgment should be against both defendants."

4. SAME—EXEMPLARY DAMAGES—INSTRUCTIONS.
    The court properly refused to charge that, "for plaintiff to recover exemplary damages against defendant, the lessor, she must prima facie make out a case against him," as such charge limited plaintiff's recovery to compensatory damages only.

Appeal from trial term.

Action by Jane Bennett against Jacob Levi, as lessor, impleaded with Francis Picker, as lessee, of a liquor saloon, under the civil damage act, to recover damages for injury in her means of support, occasioned by the habitual intoxication of her husband.   From a judgment entered on a verdict against both defendants, and from an order denying a new trial, defendant Levi appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

Isaac M. Aron, for appellant.   Frank Moss, for respondent.

BISCHOFF, J.   Defendant Levi having by answer expressly admitted that he is the owner of the premises 1567 First avenue, and that he let them knowing that they were used and to be used by the defendant Picker for the sale of intoxicating liquors, it only remained upon the trial to ascertain whether the habitual intoxication of plaintiff's husband was in whole or in part occasioned by the use of intoxicating liquors supplied him by the defendant Picker, and to what extent, if any, plaintiff was injured in her means of support by her husband's intemperate habits, since under the provisions of the civil damage act, (Laws 1873, c. 646,) the owner or lessor, who knowingly lets or permits his premises to be used or occupied for the sale of intoxicating liquors, is made equally liable with the lessee or occupant for damages resulting to the wife from an impairment of her means of support by the intemperance of her husband, induced by the lessee's or occupant's supply to him of such liquors.

Upon the trial, it abundantly appeared from the testimony of witnesses examined on plaintiff's behalf that for upwards of 15 months immediately preceding the bringing of this action plaintiff's husband habitually frequented Picker's saloon; that before that time he was a thrifty, prudent, and industrious mechanic; that he supported his family, consisting of wife and five children, out of his daily earnings of from four to four dollars and a half in comparative ease and comfort, but that within the short period mentioned he became addicted to the habitual use of intoxicating beverages, idle, shiftless, and indifferent concerning the health, welfare, and prosperity of those dependent upon him, so that they, in the absence of other means of support, and because of his change of habits, were reduced almost to a state of beggary, at times compelled to rely for the necessaries of life upon the scanty earnings of

plaintiff's minor son and the succor of friends and neighbors. These facts were in no wise disputed, the defense being exclusively devoted to the attempt to show that, subsequent to plaintiff's caution to Picker that her husband should no longer be furnished with drink, its supply to him was discontinued. The testimony to that effect adduced for the defendant is in conflict with plaintiff's statement that she saw her husband drinking in Picker's saloon on several occasions after the caution had been given. Assuming, therefore, that there was sufficient evidence that Picker supplied plaintiff's husband with intoxicating liquors on the occasions of his visits to the saloon, the facts admitted by the pleadings and established upon the trial amply support a verdict for the plaintiff against both defendants. It is, however, urged for reversal of the judgment and the order denying the motion for a new trial that, while the evidence may show that Picker supplied plaintiff's husband with drink, it does not appear that such drink consisted of intoxicating liquors, and for that reason it cannot be said that Picker's conduct contributed towards the husband's intemperance. Assuming that the inference that the drink supplied was intoxicating liquor, which the evidence seemingly justifies, is not well applied in the present case, it is nevertheless a complete answer to appellant's contention that the sufficiency of the evidence in this respect was conceded by the failure to move for a nonsuit, or the direction of a verdict for defendants, the motion for a nonsuit as to the defendant Levi having been distinctly placed upon the sole ground that it did not appear that he knew of the use of the premises for the sale of intoxicating liquors, a fact which he had admitted by answer as hereinbefore pointed out. Having taken his chances with the jury for a favorable verdict, a defendant is precluded from successfully asserting for the first time on appeal that the facts did not warrant their submission to the jury, and that the verdict rendered is without evidence, or against the weight of the evidence. *Barrett* v. *Railroad Co.*, 45 N. Y. 628, 632; *Sickels* v. *Gillies*, 45 How. Pr. 95; *Rowe* v. *Stevens*, 44 How. Pr. 10; *Casper* v. *O'Brien*, 47 How. Pr. 80.

Nor are we prepared to say that, under the peculiarly aggravating circumstances of the case, a verdict for the plaintiff in the sum of $1,000 was excessive. The statute which confers a right of action of this nature imposes no limit to the amount of recovery, and both direct and consequential damages are allowable. *Volans* v. *Owen*, 74 N. Y. 526. Bearing in mind, therefore, that her husband's habitual intemperance has largely deprived plaintiff of the benefit of his former earning capacity and usefulness as a means of support, and that it was likely to continue so to do for some time at least, thus entailing upon her greater exertions, mental and physical, in the care and maintenance of herself and her dependent infant children, it would seem even more than arbitrary for us to impose our own notions of plaintiff's injury as the limit of her recovery against the good sense of the jury, and a reversal upon the ground of excessiveness of the damages awarded, or a reduction of the latter, would be an unjust imputation that the jury were moved to make the award by considerations other than those prompted by a sense of duty.

The learned trial judge charged the jury that "the law makes the owner of premises equally guilty with the tenant, and if you find a verdict for the plaintiff in this case your verdict should be against both of the defendants," to which defendant excepted. Upon the facts of the case, we perceive no error in the charge. The statute enables the person injured to proceed against the owner or lessor jointly with the lessee or occupant upon proof that the owner or lessor knowingly let or permitted his premises to be occupied for the sale of intoxicating liquors, and, as the defendant Levi had by answer admitted his ownership of the premises, and his letting thereof to the defendant Picker with such knowledge, it followed as a matter of course that, if the evidence warranted a finding against Picker, plaintiff was entitled to a verdict against the defendants jointly.

An exception on behalf of the defendant Levi was taken to the trial judge's refusal to charge "that for the plaintiff to recover exemplary damages against the defendant the lessor she must *prima facie* make out a case against him," but as the charge as made plainly limited plaintiff's recovery to compensatory damages only, and excluded from the jury's consideration any element of exemplary damages, the request to charge presented a mere abstraction, which was properly refused. Hence this exception was not well taken. *Priebe* v. *Bridge Co.*, 77 N. Y. 597. Other exceptions appearing upon the record refer to rulings in the admission and exclusion of evidence. These have been severally examined by us, and found insufficient to reverse the judgment and order from which the appeal was taken. The judgment and order should be affirmed, with costs.