## HYLAND v. ANDERSON.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. CASE ON APPEAL—CONTENTS—REVIEW OF EVIDENCE.
   Where a case on appeal fails to show a motion either for nonsuit, or for the direction of a verdict for defendant, or any exception to a refusal of such motions, or that it contains all the evidence, the evidence will not be reviewed.
2. ACTION ON NOTE—DURESS.
   In an action on a note given in settlement of an unliquidated claim for salvage, where the defense set up is merely that the note was given under duress to relieve the maker's vessel from a fraudulent claim, it is not proper to show the exorbitance of the claim, but the only inquiry is as to the duress.

Appeal from city court, general term.

Action by Josiah A. Hyland against George W. Anderson on a promissory note made by defendant to the order of Harriet E. Day, and indorsed by her before maturity to plaintiff. From a judgment of the general term of the city court affirming a judgment entered for plaintiff on the verdict of a jury, and denying motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*J. Stewart Ross*, for appellant. *Hyland & Zabriskie*, for respondent.

BISCHOFF, J. The case fails to show either a motion for a nonsuit, or for the direction of a verdict for the defendant, and the sufficiency of the evidence to sustain a verdict for plaintiff was thus conceded. *Barrett* v. *Railroad Co.*, 45 N. Y. 628, 632; *Rowe* v. *Stevens*, 44 How. Pr. 10; *St. John* v. *Skinner*, Id. 198; *Caspar* v. *O'Brien*, 47 How. Pr. 80. In the absence of an exception to the refusal to grant either motion, we are without power to reverse a judgment of the city court on the ground that the verdict is against the evidence, (*Schwinger* v. *Raymond*, 105 N. Y. 648, 11 N. E. Rep. 952; *Walsh* v. *Schulz*, 67 How. Pr. 186; *McEteere* v. *Little*, 8 Daly, 167; *Rowe* v. *Comley*, 11 Daly, 318; *Smith* v. *Pryor*, [Com. Pl. N. Y.] 9 N. Y. Supp. 636;) and inquiry on our part as to the sufficiency of the evidence to support the judgment appealed from is still further prevented by the omission from the case of the statement that the case contains all the evidence material to the questions in controversy, (*Aldridge* v. *Aldridge*, 120 N. Y. 614, 24 N. E. Rep. 1022; *Arnstein* v. *Haulenbeek*, [Com. Pl. N. Y.] 11 N. Y. Supp. 701.)

On the trial defendant sought to show that he was induced to make and deliver the note in suit to secure the release of his barge, which he claimed had been seized and was being detained by the payee's agents under a false and fraudulent claim for salvage, and in this behalf offered testimony to the effect that the amount for which the note was given was an unfair and unreasonable charge for the services alleged to have been performed. This testimony was excluded under objection by plaintiff's counsel, and defendant's exceptions to these rulings are urged as error calling for reversal. We are of the opinion that the testimony was immaterial, and therefore rightfully excluded. The claim for salvage was of an unliquidated amount, and a subject of accord and satisfaction, requiring no further consideration than the promise of one to accept, and the other to give, the amount agreed upon. Under the defense of duress, the material inquiry was whether or not the note was voluntarily given. If it was, the acceptance of the note by the payee completed the accord and satisfaction of her claim for salvage, and defendant was thereafter precluded from asserting that the amount agreed upon was more than a fair and reasonable charge for the services rendered. *Fuller* v. *Kemp*, (Com. Pl. N. Y.) 16 N. Y. Supp. 158, and authorities there cited. Other exceptions to the admission and exclusion of evidence appear in the case, but were not urged on this appeal, and upon examination they prove to be without merit. The judgment of the general term of the court below should be affirmed, with costs. All concur.