(10 Misc. Rep. 395.)

SCHAFF et al. v. MILES et al.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.

Where a party, without objection, allowed the evidence to be submitted to the jury, he cannot assign such submission as error.

2. SAME—EXCEPTIONS TO CHARGE.

Unless an exception is taken, indicating the objections to a charge, it will not be reviewed.

Appeal from trial term.

Action by Davie Schaff and another against John Miles, impleaded with others, for goods sold and delivered. From a judgment rendered on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendant Miles appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

B. C. Chetwood, for appellant.

A. Stern, for respondents.

BISCHOFF, J. The record does not disclose that any exception was taken on the trial to the admission or exclusion of evidence, and upon evidence, to the sufficiency of which neither party at any time made objection,—except that the defendants did so upon a ground so clearly untenable that it was not urged upon this appeal,—the facts litigated were submitted to the jury for determination. No injustice is apparent from the verdict in the plaintiffs' favor, and, having speculated upon the chance of a result favorable to themselves, the defendants should not now be heard to complain that it was error to submit the case to the jury. Barrett v. Railroad Co., 45 N. Y. 628, 632; Rowe v. Stevens, 44 How. Pr. 10; St. John v. Skinner, Id. 198; Caspar v. O'Brien, 47 How. Pr. 80.

Error is not to be predicated of the charge, in the absence of an exception which indicates the excepting party's objection. McGinley v. Insurance Co., 77 N. Y. 495; People v. Livingston, 79 N. Y. 279, 292. From the absence of an exception to the remark when the learned trial judge, in addressing the jury, said, "I observe that some of you are business men," it is apparent that counsel for the defendants did not disagree until after the jury had made known the result of their deliberations. It is not to be inferred from the remark that the trial judge intended to instruct the jury that they were to disregard the evidence, and arrive at a result agreeably to their sense of business propriety, or that the jury so understood it. The judgment and order should be affirmed, with costs. All concur.