(85 Misc. Rep. 418)

### VANDERHOEF & CO. v. YOUMANS, Inc.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. COMPOSITIONS WITH CREDITORS (§ 27*)—CONSTRUCTION OF AGREEMENT—SUFFICIENCY OF EVIDENCE.

In an action for goods sold, evidence *held* not to show that an agreement in the form of a composition agreement, signed by the seller, was intended as an assignment of his claim against the buyer to a third person.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 2, 78, 85, 86, 93, 94; Dec. Dig. § 27.*]

2. EVIDENCE (§ 471*)—CONSTRUCTION OF AGREEMENT—OPINION EVIDENCE.

Testimony by an attorney that an agreement in the form of a composition agreement constituted an agreement by the creditor to assign his claim to another was a mere conclusion, and not evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

3. COMPOSITIONS WITH CREDITORS (§ 27*)—ACTIONS—BURDEN OF PROOF.

Where defendant, in an action for goods purchased by him, relied upon a composition agreement, which postponed the date of payment until a future date, the burden was upon him to show that the agreement was still in force.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 2, 78, 85, 86, 93, 94; Dec. Dig. § 27.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. COMPOSITIONS WITH CREDITORS (§ 22*)—VALIDITY—SECRET PREFERENCES.
    Where a debtor, whose creditors had signed a composition agreement to accept a percentage of their claims, actually paid some of the creditors, under a secret agreement, more than the percentage agreed upon, the other creditors are justified in repudiating the agreement.

    [Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 64–67; Dec. Dig. § 22.*]

5. APPEAL AND ERROR (§ 237*)—PRESENTING QUESTIONS IN LOWER COURT—MOTIONS FOR JUDGMENT AND FOR NEW TRIAL.
    Where plaintiff at the close of the case moved for judgment, and after the verdict moved for a new trial, the appellate court can consider the weight of the evidence, and whether the case was tried on the wrong theory, even though no motion for a directed verdict was made.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. § 237.*]

6. APPEAL AND ERROR (§ 263*)—PRESENTING QUESTIONS IN LOWER COURT—FAILURE TO EXCEPT TO CHARGE.
    The rule that the charge of the court is the law of the case, and is conclusive unless excepted to, does not prevent the appellate court from reviewing a charge which submitted to the jury questions of fact not supported by any evidence, or which submitted the case upon an entirely erroneous theory, where there was a motion for judgment at the close of the case, and for a new trial, on the ground that the verdict was contrary to the law and the evidence.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

7. APPEAL AND ERROR (§ 232*)—PRESENTING QUESTIONS IN LOWER COURT—REQUEST FOR CHARGE.
    A request for a charge that an agreement in the form of a composition agreement was not an assignment, which request was refused, raises the same question on appeal as would be raised by an exception to the charge submitting that issue to the jury.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

Appeal from City Court of New York, Trial Term.

Action by Vanderhoef & Co. against Youmans, Incorporated. Judgment for defendant, and plaintiff appeals. Reversed, and judgment awarded to the plaintiff.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Silverman & Silverman, of New York City (Herman Silverman, of New York City, of counsel), for appellant.

Chester H. Lane, of New York City, for respondent.

WHITAKER, J. This action is for goods sold and delivered by the plaintiff to defendant between the 13th day of October and the 1st day of December, 1911, amounting to $544. The sale and delivery of the goods are admitted. The defense set up by defendant is that plaintiff, subsequent to the delivery of the goods, and before the commencement of the action, for a valuable consideration agreed "to sell to one George A. Turley, or his assignee, all its claim of every sort against the defendant, and to wait and accept in full of account against the defendant the payment of a certain sum agreed upon,"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which agreed sum was $108.80, on or before December 31, 1912; that prior to the commencement of the action said George A. Turley paid the plaintiff the sum of $108.80, with interest, and that said Turley was the owner and holder of the claim; that plaintiff sold, assigned, and transferred the alleged cause of action set forth in the complaint, and all its right, title, and interest therein; and that said Turley, at the time the action was commenced, was the owner thereof. The answer also sets up, as a second separate defense, that plaintiff agreed with Turley and one Youmans that the time of payment should be postponed until December 31, 1912, with the option of said Turley or his assignee to purchase said claim on or before December 31, 1912, upon payment of the sum of $108.80. Defendant also denies that any part of said claim was due when the action was begun.

[1] The evidence discloses that prior to February 3, 1912, the defendant became financially embarrassed and sought to compromise with its creditors for 20 cents on the dollar; that in order to accomplish this purpose Mr. Lane, the attorney for the defendant, called upon the plaintiff and procured its signature to Defendant's Exhibit 2, which so far as material is as follows:

"Defendant's Exhibit 2.

"For value received, we hereby agree to accept twenty (20%) per cent. of the face amount of our claim to date against Youmans, and to wait and receive said sum in full account on or before December 31, 1913.

| Date. | Name. | Amount. |
|---|---|---|
| 2/21/12 | Blum & Koch | $1312 27 |
| 2/21/12 | Whiteman & Werner, per I. W. | 708 67 |
| 2/21/12 | Vanderhoef & Co., H. B. Vanderhoef, Pres. | 544 00 |

—[with several other signatures and amounts]."

It is upon this paper that defendant bases its defense as above set forth.

The defendant's attorney and the said Turley called upon the plaintiff on or about June 10, 1912, and tendered to plaintiff $111, being 20 per cent. on plaintiff's claim, with interest. Mr. Lane, defendant's attorney, stated that he and Mr. Turley had come to purchase plaintiff's claim against the defendant in accordance with the agreement signed by plaintiff. Mr. Lane placed upon the desk of plaintiff $111 in legal tender, and asked Mr. Vanderhoef, plaintiff's president, for an assignment of the claim. The plaintiff refused to assign the claim or to accept the money, stating that Mr. Lane and Mr. Turley left it at their own risk. Thereafter the money was duly tendered back to the defendant and refused. The evidence shows that defendant had paid some of its creditors more than 20 per cent.; that defendant called upon plaintiff, and complained to plaintiff that defendant understood that plaintiff would not accept the 20 per cent., and plaintiff told defendant that it would not take the 20 per cent. because others were getting more. The defendant's president testified that he employed Mr. Lane to settle with the creditors at 20 cents on the dollar.

At the close of the case plaintiff moved for judgment "on the ground that the defenses are insufficient and have not been proven." This motion was denied.

The learned justice charged the jury in part as follows:

"This action is brought by the plaintiff to recover of the defendant the sum of $544 for goods, wares, and merchandise sold by the plaintiff to the defendant, with interest from December 1, 1911. There is no dispute, so far as evidence is concerned, as to the purchase and delivery of the goods, and of their value, $544, and that the defendant promised and agreed to pay it to the plaintiff. The defendant interposes an answer, first, that on February 3, 1912, the plaintiff agreed to accept 20 cents on the dollar for the face of the claim if it were paid before February 23d—I think that was the date—you will remember whether it was or not. Prior to the time when the 20 per cent. was due, the defendant found it was unable to make the payment, and a new agreement, similar to the first one, was signed, payment of the 20 per cent. to be made December 31, 1912, or before. The defendant claims that this was an agreement wherein and whereby the plaintiff was to assign to some third party its claim, in consideration of the payment of 20 per cent. of the face of the claim; that pursuant to the agreement of June 10, 1912, the defendant tendered to the plaintiff the sum of $108.80, together with the further sum of $2.20 interest, and plaintiff accepted such sum and assigned the claim to one George A. Turley, and now George A. Turley is the owner and holder of that claim, or was until he was paid by the defendant, and therefore the claim has entirely been paid, and no liability exists at all.

"The plaintiff denies that it agreed to assign this claim, but asserts that the agreements which it signed in February were both of them composition agreements, and that under the law the terms of the composition agreements were not fulfilled, and therefore are null and void, and that there never was an assignment, and that the plaintiff never agreed to make the assignment. There, gentlemen, is the issue presented for your consideration. * * * If you find the parties, by either of the agreements made in February, promised and agreed to assign the claims to a third party upon receiving 20 per cent. of the claim, and if you find that on June 10th the defendant or George A. Turley came to the plaintiff's place of business and there tendered him the 20 per cent. of the face of the claim, with interest thereon from December 1, 1911, your verdict must be for the defendant. * * *"

The plaintiff appellant claimed that on the undisputed facts there was no defense made out, and that the plaintiff's motion for judgment should have been granted; that the evidence simply shows a composition agreement, which was violated by the defendant; that if any agreement was made between plaintiff and Turley, who demanded the assignment, it was void for want of consideration.

After a very careful reading of the record, the evidence, we think, clearly discloses that the signing of Defendant's Exhibit 2 was nothing more than a composition agreement. It is not capable of the construction attempted to be placed upon it by the defendant in order to make out its first defense. It is not an agreement to assign the plaintiff's claim against defendant. The only demand made by Lane and Turley, when they left the money with plaintiff, was for an assignment. They did not leave the money, or tender it as a payment, under the composition agreement. In fact, the defendant does not plead that it tendered the money in conformity with the composition agreement.

[2] The case is entirely void of any testimony tending to establish an agreement between Turley and the plaintiff of any kind or character. The testimony of the defendant's attorney states as a conclusion, with nothing to found it upon, that Defendant's Exhibit 2 constituted such an agreement. This is not evidence. So far, therefore, as the defendant's first defense is concerned, it has totally failed, and there is no evidence to sustain it.

[3] The second defense sets up a postponement of the time of pay-ment until December 31, 1912. This would depend, of course, upon the validity of the composition agreement, but the defendant disclaims any composition agreement. If Defendant's Exhibit 2 was not a com-position agreement, it was void for want of consideration. As the tes-timony clearly shows, no consideration was given, although one was expressed. The record, however, is barren of any evidence that would sustain such an agreement as is set forth. If we treat Defendant's Ex-hibit 2 as a composition agreement, postponing the payment of de-fendant's debt to December 31, 1913, the burden was upon the defend-ant to show that the agreement was in force. It did not sustain this burden.

[4] There is uncontradicted evidence that the defendant actually paid some creditors more than 20 per cent., although the date of these payments does not appear. After the actual payment of these excess sums, the plaintiff would, we think, be justified in repudiating the com-position agreement, although it may be questionable whether knowl-edge that plaintiff had simply agreed to give preference to certain cred-itors would justify such repudiation. Han. N. Bank v. Blake, 142 N. Y. 404, 37 N. E. 519, 27 L. R. A. 33, 40 Am. St. Rep. 607. We are inclined to the opinion, however, that where a debtor enters into a composition agreement with his creditors to pay all an equal amount, any secret agreement, by which some of the creditors are to get more. than the amount specified in the composition agreement, will justify a repudiation of the composition agreement by those who signed it. The record shows that both plaintiff and defendant understood that plain-tiff had repudiated the agreement upon which defendant relies, to wit, Defendant's Exhibit 2.

[5] The defendant respondent insists most earnestly that plaintiff cannot raise any of the questions above discussed upon this appeal for two reasons: First, that plaintiff failed to ask for a "direction of a verdict"; and, second, that the judge's charge above quoted, not hav-ing been excepted to, became "the law of the case," and the verdict of the jury based thereon is binding on plaintiff.

As to the first of these grounds, the plaintiff at the close of the case moved for judgment, and after the verdict moved for a new trial, etc. It is true, plaintiff did not ask the court to direct a verdict in its favor. The motion for judgment and for a new trial was sufficient to take the case out of the rule laid down in Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27, and to permit the appellate court to consider the weight of evidence, and whether or not the case was determined upon a wrong theory. Raible v. Hygienic Ice, etc., Co., 134 App. Div. 705, 119 N. Y. Supp. 138; Spencer v. Hardin, 149 App. Div. 667, 134 N. Y. Supp. 373.

[6] Concerning the second ground, it is true there is authority hold-ing that the charge of the court is "the law of the case," and, if no exception is taken, the charge is conclusive and binding. Wangler v. Swift, 90 N. Y. 38; Citizens' Bank v. Rung Co., 76 App. Div. 471, 78 N. Y. Supp. 604; Schaff v. Miles, 10 Misc. Rep. 395, 31 N. Y. Supp. 134. The rule, however, does not go so far as to hold that where a

judge submits questions of fact to the jury, when there is no evidence to support them, and the case is submitted to the jury upon an entirely erroneous theory, and the verdict is based upon the assumption of facts which did not exist, and which the record contains no evidence to support, that this court will refuse to reverse the judgment based upon such a charge and such a verdict, where there has been a motion for judgment at the close of the case, and a motion for a new trial, upon the ground that the verdict is contrary to the law and against the weight of evidence. To so hold would allow the charge to become, not only the law of the case, but also the facts of the case.

[7] Moreover, the request of the court to charge the jury that Defendant's Exhibit 2 did not constitute an assignment, and the court's refusal to so charge, was error, and practically raises the same question which would have been raised, had the main charge in this particular been excepted to.

Inasmuch, therefore, as there was no evidence upon which to base the judgment in favor of defendant, and the plaintiff's claim having been admitted, the judgment should be reversed, and judgment awarded to the plaintiff for the sum of $435.20 with interest from the 1st day of December, 1911, together with costs in this court and in the court below.

PAGE, J., concurs. GUY, J., concurs in result.