Walter A. King
vs.
Joseph Messamiry
}No. 84834

December 11, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover a commission as a broker for the sale of real estate.

Defendant was owner of a farm in Dodgeville, Massachusetts.

Plaintiff testified that he had in February, 1930, an exclusive agency for the sale of said property, which expired; that subsequently one Delude approached him, seeking a trade of his (Delude's) property for a farm; that having the farm of defendant in mind, he told defendant of the property of Delude, and that at that time defendant promised to pay him a commission if the exchange was made satisfactory to him (defendant). This was on August 25, 1930. The exchange was consummated but not through plaintiff, September 24, 1930.

Any subsequent promise to pay a commission was denied by defendant.

In September, 1930, plaintiff brought action in the Tenth District Court of Pawtucket against Delude and recovered judgment for $345, which judgment has been paid in full.

In September, 1930, plaintiff brought action in said Court against Messamiry and the action was non-suited.

Defendant testified he was shown the Delude property by plaintiff but denies the existence of plaintiff's agency because his written contract had expired, and that in an interview with plaintiff he informed plaintiff that one Loiselle was his agent for the sale of defendant's property.

Loiselle testified he had the agency for such sale and that he called the property to the attention of plaintiff.

Plaintiff must claim to be in the position of a "middleman" to recover from both parties.

In the case of *Lynch* vs. *Fallon*, 11 R. I. 311, the matter of a broker acting as a "middleman" is discussed by Chief Justice Durfee:

"The general rule is, that though a person may be entitled to pay from both parties to a sale or exchange where he acts as a middleman to bring them together; *Rupp* vs. *Samson et al.*, 16 Gray 398; *Siegel* vs. *Gould*, 7 Lans. 177; he cannot be allowed to serve as an agent or broker for both, because in such case there is a necessary conflict between his interest and duty, and he is exposed to a temptation to sacrifice the interests of one or both of his principals to secure his double commissions. As agent for the vendor, his duty is to sell at the highest price; as agent for the vendee, his duty is to buy for the lowest; and even if the parties bargain for themselves, they are entitled to the benefit of the skill, knowledge and advice of the agent, and at the same time, to communicate with him without the slightest fear of betrayal, so that it is hardly possible for him to be true to the one without being false to the other. The claim to charge commissions to both parties is so unreasonable that it cannot be justified by any custom or usage."

A number of cases are then cited. In this opinion it was also held that plaintiff could not recover even if defendant promised him a commission.

On the other hand, it has been held in *Gross* vs. *Tillinghast*, 35 R. I. 298, that upon the issue as to whether the efforts of the plaintiff led to the sale, evidence offered by defendant that he had been assisted in the sale by a third person and had paid the latter for his services was immaterial. In this case, however, the Court says: (p. 306)

"It seems to us that the testimony greatly preponderates in favor of the plaintiffs."

All these cases, it will be found, depend upon the testimony in each particular case and the decision must be founded on the testimony.

In the present case King (plaintiff) had, some time before the actual change of properties occurred, an exclusive right to sell for thirty days. No sale was made in that period and the right expired.

Plaintiff testifies that on August 25, 1930, one Delude came to him and wanted to trade tenement property held by him for a farm. Plaintiff naturally had the farm property of defendant in mind and knew that defendant wished to sell same. He further testifies that he took Delude to the property of defendant and introduced him to defendant. At that time his agency for sale of defendant's property had expired and he had no agency.

Plaintiff, however, testifies that defendant orally agreed to pay him a commission for a sale if an exchange of properties were consummated.

Defendant denies having made this second contract with plaintiff and says that one Loiselle, a real estate agent, had been given by him the sale of his (defendant's) farm and that Loiselle arranged the exchange of properties. The tenement property of Delude was exchanged for the farm of defendant September 4, 1930. In this actual exchange the plaintiff had no hand.

The only witnesses to the agreement were plaintiff and defendant. It was not reduced to writing as was the first agreement.

King subsequently collected against Delude a judgment for his commission and in this action attempts to obtain a judgment against defendant.

The Court is of the opinion that plaintiff has failed to prove a second contract with defendant by any preponderance of evidence, and that to

prove he acted as a middleman in the transaction he should show the consent of both parties.

Decision for defendant.

For plaintiff: Julius Ousley.

For defendant: Joseph T. Witherow.