Per Curiam.

The entire case rests on documentary evidence which conclusively indicates that plaintiff failed to make out any case for compensation or commissions. The railroad’s proposition was for a bid direct from plaintiff as an advertising sales dealer. Instead plaintiff responded with a suggestion for a deal whereby the advertiser would contract directly with the railroad, the latter to pay plaintiff a commission. No possible claim arises from a counter-proposal for an entirely new arrangement which is rejected by the offeror. Plaintiff’s suggestion did not even reach the status of a counter-offer, inasmuch as it had received no commitment, indeed not the slightest intimation of a bid, from the so-called account. Such a suggestion has neither practical nor legal effect. Nor is there any possible basis for the charge that defendant prevented plaintiff from consummating the deal. The successful bidder’s letter meeting the railroad’s proposition in accordance with its terms as well as its offer of the advertising space to the account were both sent prior to the time that the railroad received plaintiff’s letter mentioning the name of that account with others as possibilities for a commission deal.
Although plaintiff did not prove its alleged cause of action, the complaint may not be dismissed on this appeal because defendant neglected to move for dismissal or a directed verdict at the end of the ease (Atkinson v. Sanders, 250 N. Y. 170). However, a new trial may be ordered, particularly in view of the fact that defendant did move to set aside the verdict as contrary to the law and to the facts.
The mere fact that exceptions have not been taken to a charge does not prevent an appellate court from taking appropriate action when necessary in the interests of justice. It has long been settled that where a charge is wrong in its essential elements and goes on a distinctly wrong theory, reversal and a new trial will be ordered to prevent a miscarriage of justice, even in the absence of exceptions, particularly where a motion for a new trial was made and denied (Fox v. Brown, 169 App. Div. 661; Goldman v. Swartwout, 117 App. Div. 185; Vanderhoef & Co. v. Youmans, 85 Misc. 418). This liberalizing tendency was given statutory approval in 1936 with the enactment of *615 subdivision 2 of section 583 of the Civil Practice Act, and broadly applied in Storms v. City of Fulton (263 App. Div. 927) and Gambino v. Lucas & Co. (263 App. Div. 1054). In the Storms case (supra, pp. 927-928) the court noted that it was “doubtful” whether plaintiff had established a prima facie case and also that the charge ‘‘ failed adequately to define the issues ”. It concluded that “ Although no objections were made either to the incompetent evidence or to the charge as made and no requests to charge were made by defendant’s counsel, we think that, under the circumstances, the interests of justice will be best served by granting a new trial.”
This verdict has no foundation in the evidence presented and a new trial is therefore necessary in the interests of justice.
The judgment should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.
Eder, Hecht and Aurelio, JJ., concur.
Judgment reversed, etc.